**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KENT SHAY BROWN JR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **EXETER FINANCE CORPORATION,** | § | |
| **ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Exeter Finance LLC[1] ("Exeter") and Brad Nall ("Mr. Nall") (collectively, "Defendants") hereby remove this action from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds for removal states as follows:

**I.    STATE COURT ACTION**

1.      On August 3, 2020, Plaintiff Kent Shay Brown Jr ("Plaintiff") filed a *Notice of Petition for a Verification of Debt* ("Petition") in the 44th Judicial District Court of Dallas County, Texas styled *Kent Shay Brown Jr, v. Exeter Finance Corporation*, Cause No. DC-20-10545 (the "State Court Action"), implicating the roundly rejected show-me-the-note theory and ill-conceived securitization allegations.  Specifically, Plaintiff seeks to verify his auto loan debt with Exeter and requests his wet-ink signature promissory note relating to that debt (among other documents) to determine whether Exeter is a holder in due course and has standing in any future controversy. Thereafter, on September 29, 2020, Plaintiff filed an affidavit in support the Petition entitled *Notice*

---

[1]Plaintiff has erroneously named Exeter Finance LLC as "Exeter Finance Corporation."

*of Affidavit of Obligation for a Commercial Lien Else Release of Claim* in which Plaintiff added Mr. Nall as a defendant and asserted a variety of claims against Defendants based on a jumble of nonsensical and rambling sovereign citizen-esque type allegations, including: (1) criminal conspiracy in violation of Texas Penal Code Chapter 32, Section 12.01 and 18 U.S.C. Sections 241; (2) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") 18 U.S.C. Sections 1961 and 1962; (3) violation of the United States Constitution; (4) robbery in violation of Texas Penal Code Chapter 29 and 18 U.S.C. Section 2112; (5) violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. Section 1692(c); and (6) violation of the Truth in Lending Act ("TILA") 15 U.S.C. Sections 1601-1667. Subsequently, Plaintiff made a modification to his Petition entitled *Notice of Modification of Notice of Petition for a Verification of Debt* (the "Notice") on November 12, 2020, to add Mr. Nall as a defendant, but otherwise the Notice is a carbon copy of the Petition.

2.       With this Notice of Removal, Defendants remove the State Court Action to this Court based on federal question jurisdiction, as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

3.       This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a)(1), 1441, 1446(a).

4.       The United States District Court for the Northern District of Texas, Dallas Division, has original jurisdiction over this action based on federal question jurisdiction because Plaintiff asserts claims arising under federal law.

5.       This removal is timely because neither of the Defendants has been properly served, and it is being filed within thirty days of the Defendants making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule CV-81,

this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Documents Filed in State Court |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit B-1** | Supplemental Civil Cover Sheet |
| **Exhibit C** | State Court docket sheet |
| **Exhibit C-1** | Letter to File |
| **Exhibit C-2** | Plaintiff's Original Petition |
| **Exhibit C-3** | Order – Status Conference |
| **Exhibit C-4** | Order – Status Conference |
| **Exhibit C-5** | Affidavit |
| **Exhibit C-6** | Notice of Modification of Notice of Petition for a Verification of Debt |
| **Exhibit C-7** | Issued Citation |
| **Exhibit C-8** | Order – Status Conference |
| **Exhibit C-9** | Return of Service (Unexecuted) |
| **Exhibit C-10** | Notice of Modification of Notice of Petition for a Verification of Debt Else Release Claim |
| **Exhibit C-11** | Issued Citation |
| **Exhibit C-12** | Order – Status Conference |

| | |
|---|---|
| **Exhibit C-13** | Notice of Affidavit of Texas Rules of Civil Procedure 106 |
| **Exhibit C-14** | Request for Service |
| **Exhibit C-15** | Issued Citations (3) |
| **Exhibit C-16** | Motion for Default Judgment |
| **Exhibit C-17** | Defendants' Original Answer |
| **Exhibit C-18** | Issued Amended Citations (2) |
| **Exhibit C-19** | Memo from Dallas County District Clerk re: Amendments to TRCP 99 |

7.     In connection with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 44th Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.     FEDERAL QUESTION JURISDICTION

8.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  A claim "arises under" federal law when either: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

9.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States.  Plaintiff alleges violations of numerous

federal statutes, including violations of federal RICO statutes, the FDCPA, and TILA, which expressly grant this Court original jurisdiction to hear such claims. *See* 18 U.S.C. § 1965(a) (any RICO "civil action or proceeding . . . may be instituted in the district court of the United States . . ."); 15 U.S.C. § 1640(e) (a TILA action "may be brought in any United States district court . . ."); 15 U.S.C. § 1692k(d) (an FDCPA action "may be brought in any appropriate United States district court without regard to the amount in controversy . . ."). Thus, Plaintiff's right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.    SUPPLEMENTAL JURISDICTION

10.    This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

11.    It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id*. at 806. Here, while his claims are unclear, Plaintiff's state law claims arise from the same transactions and share a common nucleus of operative facts with his federal claims in that

Plaintiff's claims in this matter are all based on the same alleged wrongful conduct of Defendants relating to Plaintiff's auto loan debt. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

12.    Because this Court has federal question jurisdiction and supplemental federal jurisdiction over Plaintiff's state law claims, removal is proper.

## V.    PRAYER

WHEREFORE, Defendants remove this action from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

/s/ *Elizabeth Hayes*
**Marc D. Cabrera**
   State Bar No. 24069453
   mcabrera@polsinelli.com
**Elizabeth Hayes**
   State Bar No. 24069001
   ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system and/or U.S. certified mail and regular mail pursuant to the Federal Rules of Civil Procedure on this 26th day of January 2021.

/s/ *Elizabeth Hayes*
Attorney for Defendants