IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENT-SHAY BROWN, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-00169-M-BT |
| § | |
| EXETER FINANCE LLC and § | |
| BRAD NALL, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed *pro se* civil action is Defendants Exeter Finance LLC (Exeter) and Brad Nall's motion to dismiss for failure to state a claim. Defs.' Mot. (ECF No. 6). As explained in these Findings, Conclusions, and Recommendation, the Court should GRANT Defendants' motion under Rule 12(b)(6) and DISMISS this action with prejudice because Plaintiff Kent-Shay Brown, Jr. fails to state a claim for relief that is plausible on its face. *See* FED. R. CIV. P. 12(b)(6).

## Background

In December 2018, Exeter financed Brown's auto loan. Defs.' Mot. 1; *see* Pl.'s Aff. 22-23, 134 (ECF No. 1-9). One year later, Exeter repossessed Brown's car. *See* Pl.'s Original Pet. at 23 (ECF No. 1-6). Now, by this action, Brown asks the Court to relieve him of the obligation to repay his auto loan. *See id.*; *see also* Pl.'s 1st Am. Pet. 4. Brown believes he should not have to repay his loan because Exeter is not a

"note holder in due course." According to Brown, Exeter "sold the Note under [a] 'mortgage[-]back[ed] securities instrument' to investors under a pooling interest," so Exeter no longer has rights to enforce or collect on the promissory note. Pl.'s Original Pet. 2-3 (ECF No. 1-6); Pl.'s 1st Am. Pet. 2-3 (ECF No. 1-10); Pl.'s 2d Am. Pet. 2-3 (ECF No. 1-14).

Brown filed a "Notice of Petition for a Verification of Debt" (Petition) in the 44th Judicial District Court of Dallas County, Texas, against Defendant Exeter on August 3, 2020. Pl.'s Original Pet. 2. Three months later, Brown amended his petition—without leave of court or Exeter's consent—to add "Brad Nall, Chief Financial Officer of Exeter Finance Corporation" as a named defendant. Pl.'s 1st Am. Pet. (ECF No. 1-10). Brown's amended petition was otherwise identical to his original petition. *Id.*; *see* Pl.'s Original Pet. Later, Brown amended his petition again without leave of court or Defendants' consent. Pl.'s 2d Am. Pet. (ECF No. 1-14). Brown's second amended petition is identical to his first amended petition except he removed Nall as a named defendant. *Id.*; *see* Pl.'s 1st Am. Pet.

By his pleadings, Brown requests "verification of debt" under 18 U.S.C. § 2071 and demands that Defendants produce: (1) "the original unaltered wet ink signature promissory note" that Brown signed related to the auto loan; (2) an affidavit stipulating that Defendants "are in fact the [c]reditor in this loan;" and (3) "true double entry accounting debits of the loss as a result of the issuance of the loan to [Brown] according to the Generally Accepted Accounting Principles." Pl.'s Original Pet. at 2-3. Brown alleges "[t]hese documents represent that the

2

Defendant[s are] in fact the Note Holder in Due Course and have standing as a damaged party of interest in the Promissory Note." *Id.* at 2. Brown also alleges Defendants "have no standing in any future controversy" without showing that Defendants are the "Note Holder in Due Course." *Id.* If Defendants do not provide this evidence, Brown "prays the court to order the Defendant[s] to release all claims against him." *Id.*

Defendants removed this action to federal district court on January 26, 2021. Notice of Removal (ECF No. 1). And on February 4, 2021, Defendants filed the pending motion under Rule 12(b)(6) arguing that Brown has failed to state a claim upon which relief may be granted and this lawsuit should be dismissed as frivolous. Defs.' Mot. 2. Brown filed a response (ECF No. 10), and Defendants filed a reply (ECF No. 11). Thus, the motion is fully briefed and ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In*

3

*re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th

Cir. 2000)). "Dismissal is proper only if there is either: (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory." *S&W Enters., L.L.C. v. SouthTrust Bank, N.A.*, 2001 WL 238095, at *4 (N.D. Tex. Mar. 6, 2001) (quoting *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although the courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law. *U.S. Bank, N.A. v. Richardson*, 2018 WL 5722680, at *3 (N.D. Tex. July 30, 2018) (Rutherford, J.) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).

## Analysis

In their motion, Defendants contend that 18 U.S.C. § 2071 "does not create a civil cause of action" and, even if it did, Brown's alleged theories are wholly without merit. Defs.' Mot. 5-7. The Court agrees.

> I. The Court should dismiss Brown's Section 2071 claim because the statute does not provide a provide a civil cause of action.

Brown asserts a sole claim for relief under 18 U.S.C. § 2071. Pl.'s Original Pet. 2. More specifically, he claims Section 2071 requires Defendants to produce

the original wet-ink signature promissory note and other securities-related documents to prove Defendants are the noteholder in due course with standing to enforce the note. *Id.* However, as Defendants point out, Section 2071 is a criminal statute relating to the destruction of federal government documents that does not give rise to a civil cause of action. Defs.' Mot. 5. Indeed, this Court has dismissed similar petitions because Section 2071 "does not provide a civil cause of action." *Diaz v. Ocwen Loan Servicing*, 2014 WL 1012521, at *2 (N.D. Tex. Mar. 14, 2014) (Godbey, J.) (citing *Scott v. CSC Credit Services, Inc.*, 2005 WL 3478122, at * 1 (N.D. Tex. Dec. 19, 2005) (Boyle, J.) (holding that Section 2071 does not create a civil cause of action and noting that the plaintiff's allegations involved a dispute over a credit account and not the destruction of government documents)); *Mosby v. Bank of Am., N.A.*, 2014 WL 7466801, at *4 (N.D. Tex. Jan. 5, 2014) (Fish, J.); *Carrie v. Chase Home Fin.*, 2013 WL 704943, at *4 (N.D. Tex. Feb. 1, 2013) (Horan, J.), *rec. accepted*, 2013 WL 705865 (N.D. Tex. Feb. 27, 2013) (Fish, J.) (dismissing an identical request to produce an original wet-ink note). Accordingly, the Court should dismiss this action because Brown failed to state a claim for relief that is plausible on its face.

    II.    <u>The Court should dismiss Brown's Petition because the legal theories on which it is premised are without merit.</u>

In his Petition, Brown avers Defendants securitized his auto loan and they are therefore precluded from collecting on the loan unless they produce the original wet-ink promissory note, proof that they have standing to enforce the note,

and an affidavit confirming their status as his creditor and evidence of "double-entry accounting." Pl.'s Original Pet. 2-3. In their motion, Defendants argue "there is no requirement in Texas to possess or produce the original note" with a wet-ink signature; "securitization of the loan" does not extinguish "rights to the note;" requests for a creditor's affidavit and double-entry accounting are too vague to state a claim for relief; and Brown's legal theories are frivolous sovereign-citizen claims attempting to "extinguish debts." *Id*. Again, the Court agrees with Defendants.

    (a)   <u>Show-me-the-note Theory</u>

Brown alleges Defendants lack standing to enforce the note and repossess his property if they cannot produce the original wet-ink note. These allegations implicate the "show-me-the-note" theory. *Mosby*, 2014 WL 7466801, at *3 (citing *Carrie*, 2013 WL 704943, at *4). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a [property repossession]." *Id.* (citing *Wells v. BAC Home Loan Servicing, L.P.*, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011) (internal quotations omitted)). This theory has been widely rejected by courts in Texas. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013) (citing *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). The Fifth Circuit has found "no contrary Texas authority requiring production of the 'original' note." *Martins*, 722 F.3d at 254. Hence, "[t]he original, signed note need

not be produced" to enforce the note. *See id.* Brown's claim based on this theory fails as a matter of law, and the Court should dismiss it.

        (b)    <u>Loan Securitization</u>

In his Petition, Brown alleges Exeter "sold the Note under [a] 'mortgage[-]back[ed] securities instrument' to investors under a pooling interest." *See* Pl.'s Original Pet. 2-3. Brown contends that Exeter's securitization rendered the note unenforceable, and thus discharged his obligations under the note. Similar to his other theories, "[s]everal courts that have considered [this] theory have found it without merit or any legal basis." *Warren v. Bank of Am., N.A.*, 2012 WL 3020075, at *6 (N.D. Tex. June 19, 2012) (Ramirez, J.), *rec. accepted*, 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013) (Lynn, J.); *Mosby*, 2014 WL 7466801, at *4 (citations omitted) ("Courts considering the theory that securitization of a note causes the [noteholder] to lack standing to enforce the note have found it without merit or any legal basis."); *see, e.g., Wittenberg v. Wells Fargo Bank, N.A.*, 852 F. Supp. 2d 731 (N.D. W. Va. 2012) (rejecting arguments by the borrower that securitization of her loan rendered her note unenforceable); *Suss v. JP Morgan Chase Bank, N.A.*, 2012 WL 2733097, at *5-6 (D. Md. July 9, 2010) (same); *Frazier v. Aegis Wholesale Corp.*, 2011 WL 6303391, at *4 (N.D. Cal. Dec. 16, 2011) (holding that securitization of the borrower's loan had no effect on the ability to enforce or transfer); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (finding no authority that the mere existence of a pooling or servicing agreement or investment trust can relieve

borrowers of their obligation to perform under a duly executed note, and holding that even if the note was securitized, the borrower's claim that such securitization rendered the note unenforceable was legally flawed). The Court likewise finds this theory meritless. Accordingly, the Court should dismiss Brown's claim to the extent it is based on this theory.

    (c)  Creditor affidavit / Double-entry Accounting

Brown also demands that Defendants provide an affidavit "stipulating" to their status as creditors and showing "double entry accounting." Pl.'s Original Pet. 3. But these allegations are too vague to state a claim for relief that is plausible on its face. *Mosby*, 2014 WL 7466801, at *5 (citing *Carrie*, 2013 WL 704943, at *3 (finding that identical allegations failed to state a plausible claim under Texas or federal law) (citing *Williams v. Wells Fargo Home Mortg.*, 2011 WL 2006307, at *1-2 (N.D. Tex. May 20, 2011) (Boyle, J.)); *Ortiz v. Wells Fargo Bank, N.A.*, 2011 WL 6097857, at *2 (same). The Court should dismiss Brown's claim based on any allegation Defendants cannot enforce the note without providing Brown with a creditor's affidavit.

    (d)  Frivolous sovereign-citizen claims

In support of his Petition, Brown offers a 159-page "Affidavit of Information Felonies, High Crimes and Misdemeanors" (Affidavit), which is mostly a collection of legal maxims with a sprinkling of statutory references, rules of criminal and civil procedure, Black's Law Dictionary definitions, common-law references, an accounting for $694,430,000 in claimed damages, receipts, and copies of past

9

demand letters sent to Exeter Finance Corporation (ExCorp).[1] Pl.'s Aff. at 1-21, 31-159. Brown also alleges in his Affidavit that ExCorp and its officers are liable for various felonies, high crimes and misdemeanors, violations of Brown's federal and state constitutional rights, conspiracy, conspiracy to defraud, treason, an act of mixed domestic war, crimes against the people of the Texas Republic, malfeasance by office, slavery, breach of good faith, fraud, extortion, grand theft, robbery, false documents, racketeering, other hidden crimes, bankruptcy, sedition, criminal conspiracy, trespass, conspiracy against rights, private easement, agency by estoppel, color of law, implied color of law, criminal coercion, equitable estoppel, larceny, grand larceny, larceny by extortion, larceny by trick, obstruction of justice, false pretenses, simulating legal process, vexatious litigation, removal of property or cargo from a vessel, and the infringement of a trade name under threat of duress or coercion. *Id.* at 4-15.

Defendants argue that these claims and legal theories are "indisputably meritless" and "based entirely on irrational and delusional sovereign[-]citizen movement claims that courts in the Fifth Circuit, including the Northern District of Texas, have roundly rejected and dismissed as patently frivolous." Defs.' Mot. 6-

---

[1] Brown's Affidavit was not included or referred to in any of his original or amended petitions. *See* Pl.'s Original Pet.; *see also* Pl.'s 1st Am. Pet.; Pl.'s 2d Am. Pet. Rather, Brown filed the Affidavit separately on September 29, 2020—over 45 days after Brown filed his original petition. *See* Fed. R. Civ. P. 15(a)(1). Brown has not sought or been granted leave to amend his petition to add any additional allegations, and he has not shown Defendants consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Moreover, ExCorp is not a party to this suit.

7; *see id.* 1-2 (noting that Brown's claims are "[c]onsistent with the hallmarks of the fatally flawed sovereign[-]citizen movement").

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack*, 2017 WL 6756667, at *3-4 (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). And sovereign citizens often attempt to use their beliefs to, among other things, "extinguish debts." *Westfall*, 2018 WL 2422059, at *2. But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims "that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (Horan, J.) (internal quotations omitted) (quoting *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (noting that "[s]overeign-citizen legal arguments . . . are indisputably meritless")); *Hughes v. Shannon*, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021) (Rutherford, J.); *see United States v. Weast*, 811 F.3d 743, 746, 746 n.5 (5th Cir. 2016).

"It is common for sovereign citizens to utilize particular frivolous theories." *Mack*, 2017 WL 6756667, at *3. However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id.* (citing *Mason*, 2016 WL 4398680, at *2). Consequently, courts routinely dismiss sovereign citizen claims—like those found in Brown's Petition and Affidavit—as frivolous and without merit. *Davis*, 2021 WL 3353969, at *7; *Westfall*, 2018 WL 2422059, at *2; *see Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases). Accordingly, the Court should dismiss Brown's claims as meritless and frivolous.

## Opportunity to Amend

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is

appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Additionally, "[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims," particularly when, as here, Brown already made two attempts to amend his pleadings. *Arkansas v. Wilmington Trust N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. General Electric Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Here, Brown has amended his petition twice without leave of court or consent from Defendants. Hence, he had ample opportunity to present the Court with his best case. Brown has presented his best case based on the facts provided in his Affidavit and his amended petitions. *See* Pl.'s Original Petition; *see also* Pl.'s 1st Am. Pet.; Pl.'s 2d Am. Pet.; Pl.'s Aff. 22-29; *supra* n.2. Neither his factual allegations nor his legal theories are sufficient to state any legally cognizable claim. Therefore, Brown's claims should be dismissed with prejudice.

## Recommendation

For the reasons stated, the Court should GRANT Defendants' motion to dismiss (ECF No. 6) and DISMISS with prejudice Plaintiff's action under Rule 12(b)(6) for failure to state a claim.

**SO RECOMMENDED**.

August 27, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).